MEMORANDUM OPINION


No. 04-05-00574-CR

Steven Christopher HULL,
Appellant

v.

The STATE of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CR-6199
Honorable Raymond Angelini, Judge Presiding

PER CURIAM
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Sarah B. Duncan, Justice
 
Delivered and Filed:   October 19, 2005

DISMISSED
            The trial court’s certification in this appeal states that “this criminal case is a plea-bargain
case, and the defendant has NO right of appeal.” The clerk’s record contains a written plea bargain,
and the punishment assessed did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant; therefore, the trial court’s certification accurately reflects that the
underlying case is a plea-bargain case. See Tex. R. App. P. 25.2(a)(2). 
            Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, “The appeal must be
dismissed if a certification that shows the defendant has a right of appeal has not been made part of
the record under these rules.” Tex. R. App. P. 25.2(d). On September 1, 2005, we ordered that this
appeal would be dismissed pursuant to rule 25.2(d) unless an amended trial court certification
showing that the appellant has the right of appeal was made part of the appellate record by
September 28, 2005. See Tex. R. App. P. 25.2(d); 37.1; see also Dears v. State, 154 S.W.3d 610
(Tex. Crim. App. 2005); Daniels v. State, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). 
Appellant’s appellate attorney responded that the certification is accurate, and no amended
certification would be filed. In the absence of an amended trial court certification showing that the
appellant has the right of appeal, rule 25.2(d) requires this court to dismiss this appeal. Accordingly,
the appeal is dismissed.
                                                                                    PER CURIAM
DO NOT PUBLISH